OPINION TO THE HOUSE OF REPRESENTATIVES.

APRIL 13, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, J.J.

OPINION TO HOUSE OF REPRESENTATIVES in answer to question propounded in accordance with provisions of section 2 of article XII of amendments to the constitution of Rhode Island relative to gross earnings tax on corporations under the provisions of statute.

April 13, 1954

To the Honorable, the House of Representatives
of the State of Rhode Island and
Providence Plantations

We have received from the honorable house of representatives a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon a certain question of law. This question is stated as follows:

"Is a public utility corporation operating the only utility of its kind in any city or town subject to the provisions of section 3 of chapter 126 of the general laws?"

The pertinent part of section 3 of the chapter referred to reads as follows:

"§ 3. Every corporation which shall accept exclusive rights or franchises granted by ordinance or contract under the provisions of this chapter, shall make and render to the treasurer of the town or city granting the same, on or before the thirtieth day of January, April, July and October in every year, returns, verified by the oath of its president or treasurer, of the gross earnings of such corporation within such town or city for the period of 3 months next preceding the first day of January, April, July and October in the same year, and shall at the time pay to such town or city treasurer, in full payment for the rights and franchises aforesaid, a special tax upon said gross earnings at a rate not exceeding 3 per cent upon the gross earnings of said corporation within said town or city in such year."

The remaining provisions of that section prescribe a certain penalty for violation thereof and the method of computing such taxes under conditions as therein specified.

In our opinion the language of section 3 taken by itself is explicit, self-explanatory, and presents no legal problem. However, a question might well arise as to whether that section would be legally applicable to a given public utility corporation. In such a case the answer would depend in part on whether an exclusive franchise had been granted to and had been accepted by such a corporation in accordance with section 2 of the same chapter. In addition, another question would be whether the public utility corporation, even if it might otherwise appear to be subject to section 3, was nevertheless exempted or excepted from the operation thereof by some other provision of law. Both of these issues and possibly others could be determined more properly in a litigated case on the particular prevailing facts.

In the circumstances, therefore, if we assume that the public utility corporation described in the question propounded has been found to have received and accepted an exclusive franchise, so as to come within the other provisions of the statute, and that such utility is not therein or elsewhere validly exempted or excepted from the operative effect of section 3, then our answer is that the public utility corporation would appear to be subject to the plain provisions of section 3, chapter 126, general laws 1938, as referred to in the question.

EDMUND W. FLYNN
ANTONIO A. CAPOTOSTO
HUGH B. BAKER
FRANCIS B. CONDON
JEREMIAH E. O'CONNELL